IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-31277
Summary Calendar
_____


PENELOPE TREECE,

                                        Plaintiff-Appellee,

                        versus

DAVID HENDERSON,

                                        Defendant,

MOSSY MOTORS, INC.;
MIC PROPERTY & CASUALTY INSURANCE
CORPORATION,

                                        Defendants-Appellants.
_____

Appeal from the United States District Court for the
Eastern District of Louisiana
(95-CV-3108-K)
_____
June 30, 1997

Before KING, JOLLY, and DENNIS, Circuit Judges.

PER CURIAM:[*]

        Mossy Motors, Inc. and MIC Property & Casualty Insurance Corp.

(collectively "Mossy") appeal an award of Rule 16(f) sanctions.

Because the sanctions have not been entered as part of a final

judgment, this appeal is dismissed without prejudice.

------------------------------------

        [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

This case arises out of an accident in which Penelope Treece's car was struck by a pickup truck owned by Mossy Motors, Inc. Prior to trial, the district judge ordered that a settlement conference be held before Magistrate Judge Alma Chasez. At the time the conference was held, Treece was seeking damages of $2.6 million. Mossy offered only $25,000.

Apparently no progress toward settlement was made at this first conference, and the magistrate judge instructed Mossy's counsel of record to make a corporate representative available for a second conference the following day. Nonetheless, this conference also proved futile.

On October 9, 1996, the magistrate judge entered a Minute Entry sanctioning Mossy. The judge found that "it was readily apparent that defendant was not prepared to address the issue of settlement" at the conference. The court ordered that a third conference be held two weeks later. The order also provided that because Mossy was "ill-prepared" for the conference, it "shall reimburse plaintiff for the cost of her travel to New Orleans and her lodging while here as well as any wages she lost in connection with her trip." Mossy was also ordered to pay the cost of Treece attending the third settlement conference.

Before the third settlement conference was held, Mossy filed a Motion to Review Magistrate Judge's Order with the district

court.  In an October 24, 1996 Minute Entry, the district court concluded that the magistrate judge's order "was appropriate and not clearly erroneous or contrary to law" and accordingly denied Mossy's motion.

At the third conference, Mossy offered a settlement of approximately $80,000.  No agreement was reached, however, and the case proceeded to trial.  The jury ultimately awarded $42,000 to Treece.  Mossy's notice of appeal refers only to the award of sanctions.  Mossy does not appeal the jury's award, and the notice of appeal refers to no judgment.

It therefore appears that the sanctions were never properly entered as a judgment against Mossy.  We will not review the merits of this appeal.  The record on appeal only reveals two court documents relating to sanctions: the magistrate's Minute Entry of October 9, 1996 and the district court's Minute Entry of October 24, 1996.  No document approaches the specificity required by Fed. R. Civ. P. 58 to qualify as an entry of judgment.  We cannot even determine the exact amount of the sanctions from the record: the magistrate's order did not specify the amount, the district court's order describes the sanctions as totaling "approximately $2,400," while the appellant's brief notes that the

3

sanctions were "approximately $3,000."[1] Although a judgment of $42,000 was entered on November 14, 1996, this amount appears to include only the damages awarded by the jury to compensate Treece for injuries resulting from the car accident, and does not include the sanctions. We therefore dismiss this appeal without prejudice. If the district court enters a valid judgment relating to these sanctions pursuant to Rule 58, Mossy may refile this appeal. However, we must observe that even had a final judgment been entered in this case, the record before us is not sufficiently developed to determine whether the magistrate judge abused her discretion in ordering sanctions. The order does not provide any factual support for the conclusion that the defendant was not prepared to "discuss settlement in a meaningful fashion" at the conference. If a final judgment is entered in this case, the record should be developed to provide enough factual information supporting the award of sanctions to allow us to review the merits of any future appeal.

This appeal is therefore, without prejudice,

D I S M I S S E D.

---

[1]The district court's $2,400 estimate of the sanctions appears to include only Treece's cost for attending the first two days of the conference. Mossy's $3,000 figure may reflect the additional cost of Treece attending the third conference.

4